# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, CDCR #H-76785,<br><br>          Plaintiff,<br><br>vs.<br><br>J. COOK; J. CHAU; R. DAVIS; R. RUSSELL; MR. PHAM; K. LACORUM; D. DONOGHUE; J. WALKER; S. NIZAMANI,<br><br>          Defendants. | Civil No. 14cv1412 GPC (JMA)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR RECONSIDERATION;**<br><br>**(2) GRANTING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT** |

Plaintiff, currently housed at the California Men's Colony located in San Luis Obispo, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On June 18, 2014, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and sua sponte dismissed his Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. (ECF No. 4.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 5-6.) Plaintiff has now filed a Motion for Reconsideration of the June 18, 2014 Order. (ECF No. 7.)

## I.  Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

Plaintiff objects to the Court's Order finding that the claims in this action were identical to two previous actions filed by Plaintiff. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancherita Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). In the first action referenced by the Court in the June 18, 2014 Order, Plaintiff filed an eighty four (84) page complaint in which he claims constitutional violations ranging from January 26, 2012 through September 9, 2013. *See Heilman v. Ridge, et al.*, S.D. Cal. Civil Case No. 13cv2788 JLS (DHB), ECF Doc. No. 1 at 1 ("Ridge"). In addition, Plaintiff alleged Defendant Cook, who is a Defendant in the action before this Court, was deliberately indifferent to his serious medical needs during this 2012 to 2013 time frame. Plaintiff claims in his Motion that "the acts as described in the Ridge, et al case are

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

dissimilar in nature, and not in the same time period as the acts described in the instant action." Pl.'s Mtn. for Recon., ECF No. 7, at 4. However, this statement by Plaintiff is directly contradicted by the first page of the complaint he filed in the *Ridge* action which does cover the same time period as the allegations in this action and names some of the same Defendants. Moreover, Plaintiff is alleging deliberate indifference to his serious medical needs by Defendant Cook in both cases. If there is a truly separate issue from the claims raised in the *Ridge* matter, Plaintiff will have the opportunity to clarify that by filing an amended pleading in this action.

Plaintiff also claims as to the second matter which the Court found duplicative claims, *Heilman v. Silva, et al.*, S.D. Cal. Civil Case No. 13cv2984 JLS (MDD), he "inadvertently" included the same claims against the same Defendants in this matter. Plaintiff "moves the Court to reconsider its ruling to dismiss the case without prejudice to allow the filing of a First Amended Complaint." Pl.'s Mtn. Recon. at 5. This request is moot in light of the fact that the Court has already granted Plaintiff leave to file a First Amended Complaint in this matter. *See* June 18, 2014 Order at 6.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Plaintiff has failed to provide any factual or evidentiary support for any basis under Rule 60(b) that would justify vacating the Court's June 18, 2014 Order.

Therefore, Plaintiff's Motion for Reconsideration is **DENIED**.

## CONCLUSION AND ORDER

Accordingly, the Court hereby

(1) **DENIES** Plaintiff's Motion for Reconsideration; and

(2) Sua sponte **GRANTS** Plaintiff's Motion for Extension of Time to File a First Amended Complaint (ECF No. 7). Plaintiff is granted sixty (60) days leave from

the date this Order is entered in which to file a First Amended Complaint which cures all the deficiencies of pleading noted in the Court's June 18, 2014 Order. Plaintiff is once again cautioned that should he elect to amend, his Amended Complaint must be complete in itself, that it will supersede his original Complaint, and that any claim not re-alleged against any Defendant previously named will be considered waived. *See* S.D. CAL. CIVLR 15.1; *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff is further cautioned that the Local Rule provides that complaints filed by prisoners pursuant to § 1983 may use the court's approved form, along with no more than an additional fifteen (15) pages. S.D. Cal. CivLr 8.2(a).

(3) The Clerk of Court is directly to mail Plaintiff a blank court approved civil rights complaint form.

**IT IS SO ORDERED.**

DATED: July 25, 2014

HON. GONZALO P. CURIEL
United States District Judge