1  Thomas John Heilman
2  H-76785 Cell #6392
3  California Mens Colony-East
4  San Luis Obispo, CA 93409
5  Plaintiff in pro se

NUNC PRO TUNC
Aug 15 2016

**FILED**
Aug 17 2016
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ kennethm   DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, PLAINTIFF, -v- J. COOK, ET AL., DEFENDANTS. | CASE No. 3:14-CV-01412-JLS-MDD  PLAINTIFF'S MOTION TO REJOIN FORMER DEFENDANT J. CHAU, M.D., AS A PARTY TO THIS ACTION. |

DATE: 'ORAL ARGUMENT
TIME: NOT REQUIRED'

JUDGE: The Honorable Mitchell D. Dembin

Plaintiff Thomas John Heilman, a state prisoner proceeding in pro se in this action moves this Court to Rejoin as a party Former Defendant J. CHAU, M.D., to this action. Heilman alleges 'good cause' exists for the Court to grant this motion and for the following

-1-

reasons.

## ARGUMENT

I. GOOD CAUSE EXISTS FOR THE COURT TO GRANT THIS MOTION.

    A. HEILMAN'S INABILITY TO INVESTIGATE

During the pendency of this proceeding the individuals listed as Defendants underwent several different line ups. Heilman as an indigent, incarcerated, pro se plaintiff, has been unable to accurately identify those alleged CDCR prison officials responsible for the claims as alleged in the First Amended Complaint. That Heilman's ability to investigate and identify responsible Defendants for alleged violations of his civil and Constitutional rights has been limited.

    B. HEILMAN'S NOTICE (MOTION) TO DISMISS FORMER DEFENDANT J. CHAU, M.D.

On or about April 15, 2016, Heilman submitted a Notice (Motion) to dismiss Defendants J. Chau,

-2-

1  S. Nizamani, and J. (R.) Walker. On May 18,
2  2016 the Court granted Heilmans No-
3  tice to Dismiss <u>without</u> prejudice. De-
4  fendant J. Chau, M.D., had already been
5  served with the Summons and First
6  Amended Complaint at this time.
7
8  C. CONFUSION, AND HEILMAN'S BELIEF TO
9  BE **UN**ABLE TO IDENTIFY AND LOCATE THE
10  DEFENDANTS **AND/**OR THEIR ROLES AS ALLEGED
11  IN THE COMPLAINT PROMPT HEILMAN
12  TO FILE THE NOTICE TO DISMISS.
13
14  Initially, Heilman was unable to serv~~ice~~ **effect**
15  on Defendants J. Cook, S. Nizamani, and
16  J. (R.) Walker at the RJ Donovan Corr-
17  ectional Facility. J. Walker had been
18  misidentified (Correction: <u>R.</u> Walker),
19  J. Cook and S. Nizamani were no longer
20  employed at RJD. Heilman's motion
21  for an order to the Litigation Coordi-
22  nator at RJ Donovan to provide the
23  current addresses of unserved De-
24  fendants was granted by the Court.
25  (In confidence). However, such add-
26  resses were invalid and service un-
27  successful. During a Meet and Confer
28  phone call with the Defendants'

-3-

1 legal representative Ms. Lisa L. Freund,
2 Dep. Atty. Gen., Heilman's request
3 for at least Defendant J. Cook's full
4 name and current address to effect
5 service was ~~first~~ refused.
6     That Heilman alleges he believed he initially had correct-
7 ly separated and assigned to De-
8 fendants J. Chau, M.D., and J. Cook,
9 D.O., their roles in alleged violations
10 as occurred at RJ Donovan of Heil-
11 man's civil rights. However, Heil-
12 man's belief was mistaken! That it
13 was Defendant J. Chau, M.D. who
14 initially falsified official state
15 medical records that Heilman's seri-
16 ous internal injury of a collapsed
17 lung (pneumothorax) was not
18 caused by <u>fellow</u> CDCR prison offic-
19 ials violent beating of Heilman
20 on May 9, 2013, but by a totally
21 unrelated "spontaneous" event.
22 That Defendant J. Cook, D.O. did
23 later document this false allegation
24 when writing an order for Heil-
25 man to be transferred <u>back</u> to
26 Alvarado Hospital for treatment of
27 a staph infection in his surgical wounds.

-4-

1  That Heilman also believes, and thereupon
2  alleges, that it was Defendant J. Chau, who was
3  the physician assigned to monitor and treat the inmates
4  in the Bldg. 6, Ad. Seg. Unit at RJ Donovan
5  during the dates in question, who was
6  responsible for re-housing Heilman
7  in the contaminated Ad. Seg. Unit <u>after</u>
8  thoracic surgery. Not other Defendants!
9  Also, Heilman alleges it was Defendant
10 J. Chau, M.D. who ignored Nursing staff
11 observations of Heilman's surgical wounds
12 being infected with a staph bacteria, and
13 for failing to properly, adequately and timely
14 treat that infection. Not Defendant
15 J. Cook, D.O., or other medical staff Defen-
16 dants.

17

18 D. DEFENDANT J. COOK, D.O. IS LOCATED AND
19    SERVED THE SUMMONS AND COMPLAINT.

20

21 On June 01, 2016, Heilman was able to
22 effect service by U.S. Marshal on Defen-
23 dant Jessica (J.) Cook, D.O. at the Naval
24 Training Center (N.T.C.) in San Diego, Calif.
25 Defendant J. Cook has yet to file an
26 Answer to the First Amended Complaint.
27 That Heilman believes he should now
28 have the opportunity to separate and

-5-

assign to Defendants J. Chau, M.D., and J. Cook, D.O., their proper and correct roles in violations of Heilman's Constitutional Eighth Amendment right not to suffer "cruel and unusual punishment. That Defendant J. Chau's role is material to such allegations and requirements to prevail on a motion for summary judgment or at trial for deliberate indifference.

## CONCLUSION

For the reasons stated in the foregoing Heilman's Motion to Rejoin Former Defendant J. Chau as a party to this Action should be granted.

I, Thomas John Heilman, declare under penalty of perjury the foregoing to be true and correct.

Executed on AUGUST 09, 2016

Respectfully Submitted,

*Thomas John Heilman*
Thomas John Heilman
Plaintiff in Pro Se

-6-

Thomas John Heilman
H-76785 cell #6392
California Mens Colony-East
San Luis Obispo, CA 93409
Plaintiff in pro se

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS JOHN HEILMAN, Plaintiff, -V- J. Cook, et al., Defendants. | CASE No. 3:14-CV-01482-JLS-MDD MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REJOIN FORMER DEFENDANT AS A PARTY J. CHAU, M.D., TO THIS ACTION |
|---|---|
| DATE: 'ORAL ARGUMENT TIME: NOT REQUIRED' | |

Plaintiff Thomas John Heilman, an incarcerated pro se litigant has filed a motion to Rejoin Former Defendant J. Chau, M.D., as a party to this action. In his motion, Heilman has alleged 'good cause' exists to grant the motion and provided reasons that rejoining former Defendant J. Chau

as a party to this action is just and proper. Heilman believes that he will be prejudiced should the Court fail to grant this motion as Heilman alleges former Defendant J. CHAU, M.D., to be the individual responsible for specific acts of 'deliberate indifference' as raised in the First Amended Complaint.

## ARGUMENT

A. STANDARD TO JOIN PERSONS UNDER FED. RULE OF CIV. PROC. 19(a).

Pursuant to Fed. R. Civ. P. 19(a), persons may be joined to an action when needed for Just Adjudication and if feasible when joinder will not deprive the Court of jurisdiction over the subject matter of the action if (1) in the person's absence complete relief cannot be afforded among those already parties or (2)... If the person has not been so joined, the Court shall order that the person be made a party. (That former Defendant J. CHAU has previously been served the Summons and Complaint, and has filed an Answer).

B. STANDARD TO JOIN PERSONS UNDER FED. RULE OF CIV. PROC. 21.

Heilman believes that the Court may join former Defendant J. CHAU to this action pursuant to F.R.Civ.P. 21 - "Misjoinder or Non-Joinder of Parties" because, "Parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action and on such terms as are just..."

Furthermore, Heilman alleges that former Defendant J. CHAU, M.D. will not be prejudiced by the short period of time that he was not joined as a party and Defendant, that he has already been served, and Discovery remains pending.

## CONCLUSION

For the reasons as stated herein, Heilman's motion to Rejoin former Defendant J. CHAU, M.D., as a party to this action should be granted.

Executed on August 09, 2016

Respectfully Submitted,

Thomas John Heilman
Plaintiff in pro se

-3-

## CERTIFICATE OF SERVICE

Case Name: Heilman v. Cook, et al.          No. 3:14-cv-01412-JLS-MDD

I hereby certify that on 8/11/2016, I filed the following documents with the Clerk of the Court by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, in the United States mail at California Men's Colony State prison:

Plaintiff's Motion to Rejoin Former Defendant J. Chau, M.D., AS A PARTY to this Action with Memo. of Points and Authorities.

I have caused to be mailed the above document(s) to the following parties, addressed as follows:

Office of Attorney General
600 West Broadway, Ste. 1800
San Diego, CA 92101
Attn: Lisa L. Freund, D.A.G.

Clerk of the Court
US Dist. Court, South. Dist. of Calif.
333 West Broadway, Ste. 420
San Diego, CA 92101
Attn: Clerk of Hon. Judge Mitchell D. Dembin

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on the date of 8/11/2016, at San Luis Obispo, California.

Thomas John Heilman                    Thomas John Heilman
Declarant                              Signature

Under the "Prison Mailbox Rule" a prisoner's habeas petition is deemed filed, for statute of limitation purposes, when he hands it over to prison authorities for mailing. [Huizar v. Carey (9th Cir. 2001) 273 F.3d 1220, 1222; Houston v. Lack, (1988) 487 U.S. 266, 274.] The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." [Huizar, 273 F.3d at p. 1223.]

PETITIONER, IN PRO PER

CALIFORNIA MEN'S COLONY STATE P[RISON]
P.O. BOX 8101
SAN LUIS OBISPO, CA 93409-810[1]

Name: Thomas J. Heilman
CDCR #: H-76785  Cell #: 6392



**STATE PRISON GENERATED MAIL**

AUG 15 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
RECE[IVED]



LEGAL MAIL

CLERK OF THE COURT
US DISTRICT COURT
SOUTHERN DISTRICT OF CALIF.
333 WEST BROADWAY, STE. 420
SAN DIEGO, CA 92101
ATTN: CLERK OF HON. JUDGE
MITCHELL D. DEMBIN
CONFIDENTIAL

