UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, <br><br> Plaintiff, <br><br> v. <br><br> J. COOK, et al., <br><br> Defendants. | Case No.: 14cv1412-JLS-MDD <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF MEDICAL EXPERT** <br><br> [ECF No. 98] |

On August 19, 2016, Plaintiff filed a Motion asking the Court to appoint a neutral medical expert witness and to do so without requiring him to prepay his portion of associated costs to the expert (such that his portion of costs would be withdrawn from his prison account as funds are available under 28 U.S.C. § 1915[1]).  (Doc. No. 98).  Plaintiff states

---

[1] The in forma pauperis (IFP) statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a §

1

14cv1412-JLS-MDD

1  that an expert should be appointed because he is indigent and
2  unrepresented and has been unable to retain his own expert despite
3  diligent attempts, and because the Defendants have retained their own
4  medical expert whose "allegiance is "tainted," such that Plaintiff will be
5  prejudiced unless an independent expert is appointed.  Plaintiff further
6  contends an expert would assist the trier of fact in ruling on the
7  anticipated cross-motions for summary judgment and at trial.

     As Plaintiff notes, district courts have broad discretion to appoint an expert witness, either by their own motion or on motion of a party. FED. R. EVID. 706(a); *McKinney v. Anderson,* 924 F.2d 1500, 1510-11 (9th Cir. 1991) (overruled on other grounds by *Helling v. McKinney*, 502 U.S. 903 (1991)).

     "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Walker v. Woodford*, 2008 WL 793413 (S.D. Cal., March 24, 2008) (citation omitted); *see also Faletogo v. Moya*, 2013 WL 524037 (S.D. Cal., Feb. 12, 2013) (same).  A court appointed expert's function is to aid the Court in understanding the issues, not to aid the litigant in presenting his claims. *Gomez v. Sogge,* 2010 WL 2612319 (N.D. Cal. June 24, 2010).

     Having reviewed Plaintiff's request and the claims in Plaintiff's case, the Court finds that good cause to appoint an expert witness does

---

1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).

2

14cv1412-JLS-MDD

1 not exist. Though Plaintiff contends he is seeking appointment of an
2 independent, neutral expert, his arguments show he is seeking
3 appointment of an expert to aid him since he has been unable to retain
4 his own expert. Further, the Court finds it is not necessary to appoint a
5 neutral expert to assist the Court at this time. Accordingly, Plaintiff's
6 Motion for a Court-appointed expert witness is **DENIED**.

**IT IS SO ORDERED.**

Dated:   September 21, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge