# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN,<br><br>            Plaintiff,<br><br>v.<br><br>J. COOK, et al.,<br><br>            Defendants. | Case No.: 14cv1412-JLS-MDD<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR LEAVE TO REJOIN FORMER DEFENDANT CHAU PURSUANT TO RULE 21**<br><br>**[ECF No. 95]** |

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) of the United States District Court for the Southern District of California.  For the following reasons, the Court **RECOMMENDS** that Plaintiff's motion for leave to rejoin J. Chau, M.D., ("Dr. Chau") as a defendant pursuant to FED. R. CIV. P. 21 be **DENIED**.

## I. Procedural History

Plaintiff constructively filed his complaint on June 4, 2016. (ECF No. 1 at). The initial complaint named Dr. Chau as a defendant. (*Id.*). The initial complaint was screened out as frivolous pursuant to 28 U.S.C. §§ 1915, but District Judge Curiel, then presiding, granted leave to file a First Amended Complaint. (ECF No. 4).

Plaintiff filed his First Amended Complaint, also naming Dr. Chau as a defendant, on February 20, 2015. (ECF No. 18). District Judge Curiel also dismissed this complaint as frivolous on the basis that it was duplicative of other pending cases, denied leave to amend as futile, and entered judgment. (ECF Nos. 19, 20).

Plaintiff appealed the dismissal to the Ninth Circuit. (ECF No. 22). On September 17, 2015, the Ninth Circuit found this action was not duplicative of the other pending actions, summarily vacated the dismissal order and remanded for further proceedings. (ECF Nos. 26, 28). On October 6, 2015, the case was transferred to District Judge Sammartino and Magistrate Judge Dembin pursuant to the low number rule. (ECF No. 27).

On October 14, 2015, District Judge Sammartino issued an order directing the U.S. Marshal to effect service of the First Amended Complaint. (ECF No. 29).

On December 4, 2015, Lisa Freund, the Deputy Attorney General, executed a Waiver of Service of Summons on behalf of Defendant Dr. Chau. (ECF No. 41).

On February 26, 2016, Defendants Dr. Chau, R. Davis, and D. Donoghue filed their Answer to the First Amended Complaint. (ECF No. 54).

On March 4, 2016, this Court issued the Rule 16(b) Scheduling Order. (ECF No. 59). That Scheduling Order states: "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **March 29, 2016**." (*Id.*) (emphasis in original). The discovery phase commenced at the issuance of the Scheduling Order.

On April 22, 2016, Plaintiff filed a motion to dismiss Defendants Dr. Chau, Walker and Nizamani from this action. (ECF No. 65). Plaintiff did not specify his reasons for dismissing these Defendants. On May 18, 2016, this Court issued an Order granting Plaintiff's motion to dismiss these Defendants, including Defendant Dr. Chau, without prejudice. (ECF No. 68).

On August 11, 2016, Plaintiff filed this Motion to Rejoin Former Defendant J. Chau, M.D., as a Party pursuant to FED. R. CIV. P. 21.

In accordance with the Scheduling order, discovery closed on September 26, 2016. (ECF No. 59). The Court has granted a limited modification of that deadline to permit discovery only as to Defendant Cook, who recently answered the complaint. (ECF No. 118).

## II. Plaintiff's Contentions

Plaintiff asserts that good cause exists to rejoin Dr. Chau on the grounds that (1) Plaintiff's ability to investigate and identify responsible defendants has been limited by his status as an indigent,

3

incarcerated, pro se plaintiff, (2) this Court's dismissal of Dr. Chau at Plaintiff's request was *without* prejudice, (3) Dr. Chau was previously served and filed an Answer, (4) discovery remained open as of the date Plaintiff filed this motion, (5) Plaintiff will suffer prejudice if Dr. Chau is not rejoined to the action, and (6) Plaintiff was mistaken about Dr. Chau's role in the underlying events and now believes that Dr. Chau "initially falsified official state medical records" to conceal that "fellow CDCR prison officials" violently beat Plaintiff on May 9, 2013, and Dr. Chau acted with deliberate indifference by housing Plaintiff in a contaminated housing unit, causing a staph infection of his surgical site, and by ignoring nursing staff observations of the serious infection.

Plaintiff emphasizes that the plain language of Rule 21 states "Parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action and on such terms as are just…." (ECF No. 95 at 9). Plaintiff does not mention Rule 16(b) or the Scheduling Order in his motion.

### III.  Legal Standard

Plaintiff's motion to amend the complaint to rejoin Dr. Chau as a party is governed by Rules 15, 16(b)(4), and 21.

Once the deadline for joining parties and amending pleadings set in the Rule 16(b) Scheduling Order has passed, no addition of parties or amendment of pleadings is permitted unless the movant shows good cause for modifying the Scheduling Order. FED. R. CIV. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (district court did not abuse discretion in denying leave to amend

1  where plaintiff failed to show good cause for amending the scheduling
2  order).
3      Rule 21 concerning "Misjoinder and Nonjoinder of Parties," states
4  in full:

>   Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Plaintiff's request is more appropriately considered under Rule 15 than Rule 21, however, the difference is largely academic because the same test applies to his request under either Rule.  "The liberal standard of Rule 15 also applies to Rule 21 motions." *De Malherbe v. Int'l Union of Elevator Constructors*, 438 F. Supp. 1121, 1128 (N.D. Cal. 1977) (*citing Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)).  The test of whether additions or subtractions of parties should be allowed under Rule 21, like the test under Rule 15, is whether such action will prejudice the non-moving party, and whether it will serve to avoid multiplicity of suits.  *Helene Curtis Indus. v. Sales Affiliates*, 105 F. Supp. 886, 900 (S.D.N.Y. 1952), *affirmed* 199 F.2d 732 (2d Cir. 1952).  "[P]rejudice to the non-moving party will defeat a Rule 21 motion." *Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 191 n.13 (9th Cir. 1989) (citing *Helene Curtis Indus., supra*).

    Rule 15(a)(2) states "[t]he court should freely give leave [to amend] when justice so requires."  This Rule should be applied with "extreme liberality." *Sonoma Cnty. Ass'n of Retired Emp. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  Nevertheless, courts may

decline to grant leave to amend if there is "strong evidence" of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Id.* (quotation omitted). Amendments seeking to add *parties* are granted less freely than amendments seeking to add *claims*. *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991); *see Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1069 (6th Cir. 1995) (amendment to add party over one year after complaint filed denied as too prejudicial to new party).

**IV.   Discussion**

Plaintiff fails to meet his burdens under Rules 15, 16(b)(4), and 21 to show re-joinder of the previously dismissed defendant should be granted.

**a. Rule 16(b)(4)**

Plaintiff, like the plaintiff in *Johnson*, did not move the Court to modify its Scheduling Order. *Johnson*, 975 F.2d at 608. Plaintiff makes no effort to show good cause for modifying the Scheduling Order. "Good cause" means scheduling deadlines cannot be met despite a party's diligence. *Id.*, at 609.

Plaintiff does not explain why he could not meet the scheduling deadline or how he was diligent in attempting to comply with the deadline set for joining parties. Plaintiff offers no explanation for why he dismissed Dr. Chau at the outset of discovery only to attempt to

rejoin him just as the discovery phase was set to expire.  For instance, Plaintiff does not point to any new information learned through discovery as the impetus for seeking to rejoin Dr. Chau.  The Court notes there is a striking similarity between Plaintiff's description of Dr. Chau's role in his motion and Plaintiff's allegations about Defendant Chau's role in the initial complaint. (*Compare* ECF No. 95 at 4 with ECF No. 1 at 35-38 (both alleging that Dr. Chau falsified medical records to conceal fellow CDCR personnel's conduct and was deliberately indifferent to Plaintiff's injuries and the risks of infection). This similarity weighs against a finding of diligence on Plaintiff's part.

Simply put, Plaintiff does not claim or attempt to show diligence or a reasonable excuse for the delay.  *Id.* ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment….  If that party was not diligent, the inquiry should end."). Because Plaintiff has not shown diligence in seeking to rejoin Dr. Chau as required by Rule 16, this Court **RECOMMENDS** that Plaintiff's motion be **DENIED**.

### b. Rules 15 and 21

This Court further **RECOMMENDS** that Plaintiff's motion be **DENIED** for unexplained delay and prejudice to the current Defendants and to Dr. Chau under Rules 15 and 21.

As noted above, Plaintiff offers no explanation for why he dismissed Dr. Chau at the outset of discovery only to try to rejoin him as the discovery period expired using the very same factual basis that he was aware of more than two years ago.  *See AmerisourceBergen Corp.*

1   *v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (holding
2   unexplained of 15 months was a sufficient basis for denying leave to
3   amend); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)
4   (unexplained 2 year delay); *Jackson v. Bank of Hawaii*, 902 F.2d 1385,
5   1388 (1990) (unexplained 8 month delay).  He does not explain why he
6   did not know or should not have known of the facts forming the basis for
7   rejoining Dr. Chau sooner.  *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th
8   Cir. 1994) (leave to amend properly denied where movant knew or
9   should have known when drafting complaint about the facts on which
10  amendment based).  Accordingly, the Court finds unexplained delay by
11  Plaintiff in joining Dr. Chau.
12      Leave to amend should also be denied to avoid substantial
13  prejudice to the current Defendants and to Dr. Chau.  "Prejudice is the
14  touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v.*
15  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotes
16  omitted); *and see Solomon v. North American Life & Cas. Ins. Co.*, 151
17  F.3d 1132, 1139 (9th Cir. 1998) (leave to amend properly denied because
18  motion filed "on the eve of the discovery deadline" would have required
19  reopening discovery and delaying proceedings).
20      Here, Dr. Chau would suffer substantial harm if added to the
21  action, because he has had no meaningful opportunity to conduct
22  discovery, and discovery is now complete except as to Defendant Cook,
23  who recently appeared.  The current Defendants could also suffer
24  substantial prejudice.  As in *Solomon*, granting leave to rejoin a new
25  similarly situated defendant would require the current Defendants to

wait while discovery is reopened and the proceedings are further delayed.  If the Court were to issue an expedited case management schedule as to Dr. Chau only in order to mitigate the delay to the current Defendants, Dr. Chau's due process rights would be prejudiced.

Consequently, the Court **RECOMMENDS** that the motion be **DENIED** for the 2 year unexplained delay and prejudice to the current Defendants and Dr. Chau.

### V. Conclusion

For the reasons set forth herein, the Court **RECOMMENDS** that Plaintiff's motion to rejoin Dr. Chau as a defendant be **DENIED**.  This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the court and serve a copy on all parties by **November 18, 2016**.  The document shall be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed by **November 30, 2016**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:   October 31, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge

9

14cv1412-JLS-MDD