UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

Plaintiff,

v.

J. COOK, et al.,

Defendants.

Case No.: 14cv1412-JLS-MDD

**ORDER RE PLAINTIFF'S MOTIONS TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM DEFENDANTS DONOGHUE AND DAVIS**

[ECF No. 89, 92, 114, 121]

On August 9, 2016, Plaintiff filed a motion to compel further discovery responses from Defendant Donoghue and a motion to compel further discovery responses from Defendant Davis. (ECF Nos. 89, 92). In these motions, Plaintiff seeks to compel responses to certain enumerated interrogatories and document demands. On August 31, 2016, Defendants filed their opposition. (ECF No. 99). On September 20, 2016, Plaintiff filed his reply. (ECF No. 108).

On October 3, 2016, Plaintiff filed a second motion to compel Defendants Davis and Donoghue to provide supplemental and initial discovery responses. (ECF No. 114). In this motion, Plaintiff does not specify the requests at issue, provide analysis, nor attach requests or responses. On October 12, 2016, Defendants filed their opposition to this motion, which declared in part that they were concurrently producing Defendant Davis' document demand responses. (ECF No. 117).

On October 19, 2016, Plaintiff filed a third motion to compel Defendants Davis and Donoghue to supplement their responses to interrogatories. (ECF No. 121). In this motion, Plaintiff explains that his previous motions for Defendants to provide supplemental responses to Interrogatory Set 1 have become moot because Defendants provided Plaintiff with their responses, but Plaintiff is now seeking to compel supplemental responses to Interrogatory Set 2. (*Id*. at 2).

On October 28, 2016, Plaintiff filed a reply in support of his motions. (ECF No. 124). In a footnote in the reply, Plaintiff concedes that his motion to compel Defendant Davis' responses to document demands is also now moot, because he received those responses after filing his third motion to compel. (*Id*. at 3, fn.1).

Based on Plaintiff's concessions of mootness, the Court **DENIES as moot** the motion to compel Defendant Davis' responses to Interrogatory Set 1, entered on the docket as ECF No. 89, and **DENIES in part as moot** the motions entered on the docket as ECF Nos. 92 and

114 to the extent they seek to compel production of responses to Interrogatory Set 1 by Defendants Davis and Donoghue and to the extent they seek to compel Defendant Davis' responses to document demands.

Plaintiff does not concede that the motions seeking Defendant Donoghue's responses to document demands are mooted. Accordingly, the Court will address those motions as to Defendant Donoghue's responses to document demands below. The Court also rules upon Plaintiff's motion to compel further responses to Interrogatory Set 2 (ECF No. 121) below.

I. Motions to Compel Defendant Donoghue's Further Responses to RFPD

Plaintiff moves to compel further responses to Document Requests Nos. 1 and 2 from Defendant Donoghue.

a. RFPD 1

RFPD 1 seeks "documents showing [Donoghue's] medical training and past employment history."

Defendant Donoghue objects on grounds of proportionality to the case, relevancy and privacy.

Plaintiff contends that "the knowledge, education, employment and training of medical staff defendants" like Defendant Donoghue are relevant and proportional because Plaintiff is claiming the medical staff defendants were deliberately indifferent to his serious medical needs, and cites to *Kilgore v. Mandeville*, No. 2:07cv2485-GEB-KJN P, 2010

WL 2557702 (E.D. Cal., June 21, 2010), to support this proposition. Plaintiff further argues that any privacy objections can be handled by redacting current personal information (*e.g.*, phone number and address on a CV can be redacted).

Defendants counter that the medical staff defendants are not designated as expert witnesses, and the education and employment history of medical witnesses are only relevant when the witness is designated as a medical expert. Defendants distinguish *Kilgore* on the bases that it is not binding authority and because it "appears to address a situation wherein the medical specialty of the medical professionals involved in the litigation was an issue, which is not so for the case at hand." (ECF No. 99 at 3). Defendants argue that Defendant Donoghue's medical training and experience are not relevant because Plaintiff is not claiming Defendant Donoghue was unqualified to be a nurse, but is instead claiming that he "chose to ignore Plaintiff's serious medical needs by refusing to provide medical treatment and saying such things as Plaintiff 'got what he deserved.'" (*Id*. at 3-4).

The Court finds *Kilgore* analogous and persuasive, and finds the distinctions drawn by Defendants to be unavailing. In *Kilgore*, as here, a prisoner was proceeding pro se on a § 1983 deliberate indifference claim against medical staff who allegedly failed to respond promptly to an objectively serious medical condition. *Kilgore*, No. 2:07cv2485 GEB-KJN P, 2010 WL 2557702, at *7 (E.D. Cal. June 21, 2010). The district court granted the prisoner's motion to compel the medical staff

defendants to produce their curriculum vitae, with personal information redacted, after finding that medical staff defendants in a deliberate indifference case are similarly situated to expert medical witnesses for purposes of presuming relevance of their training and experience. *Id.* Defendants have not provided any countervailing authority.

The Court **GRANTS** Plaintiff's motion to compel as to RFPD 1 re Defendant Donoghue, and **ORDERS** Defendant Donoghue to provide a resume or CV, if one exists, showing his medical training and experience, redacted for current personal information.

b. RFPD 2

RFPD 2 seeks "ALL documents you contend show that you provided immediate medical care to Plaintiff Heilman for his serious medical injury of a pneumothorax while you treated Heilman in the CTC at RJD (May 9-11, 2013)."

Defendant objects that the request assumes facts in dispute and not in evidence, and substantively responds:

> After a diligent search of all information within his custody and control, Responding party is not aware of any documents responsive to this Request because Plaintiff was uncooperative, aggressive, and hostile to Responding Party's attempts to medical [*sic*] evaluate and treat Plaintiff. Plaintiff also repeatedly refused to be medically evaluated by Responding party after requests by Responding Part to conduct an examination in order to provide Plaintiff the proper care and treatment. Responding Party never observed nor heard that Plaintiff had labored breathing. Plaintiff also never complained to Responding Party of trouble breathing or labored breathing. Accordingly,

> Responding Party did not treat Plaintiff for a pneumothorax on May 9-11, 2013.

(ECF No. 99 at 5).

In his motion, Plaintiff disputes Defendant Donoghue's portrayal of Plaintiff in the objections. Plaintiff contends this response that Defendant Donoghue was unaware of Plaintiff's labored breathing conflicts with other documents, specifically interrogatory responses and a Form 7202 Admission Assessment to the C.T.C. at the prison that was "completed by Defendant Donoghue, a competent and experienced Registered Nurse on May 9, 2013, and noted as 'ABNORMAL BREATH SOUNDS.'" (ECF No. 92 at 5; *see also* ECF No. 108). Plaintiff attaches the Form 7202 as Exhibit C and demands a supplemental response as "required to confirm the Def.'s providing Heilman medical care of any kind." (*Id*. at 5 and 36 (Exhibit Cshowing Admission Assessment for Plaintiff signed by "Dr. Davis" with checkmark in box next to "Abnormal breath sounds.").

In their opposition, Defendant argues that he cannot produce documents that do not exist, that the remainder of Plaintiff's arguments are irrelevant to a motion to compel, and that Plaintiff is permitted to attempt to impeach Defendant with contradicting evidence at trial.

The Court finds that Defendant Donoghue's response that he is not aware of responsive documents after a diligent search is sufficient. Defendant's explanation for the lack of responsive documents and Plaintiff's disagreement with the accuracy of that portrayal are

irrelevant to whether responsive documents exist. Plaintiff's reliance on Exhibit C is misplaced. First, Exhibit C is signed by Dr. Davis—not Defendant Donoghue, and therefore does not support Plaintiff's contention that Exhibit C conflicts with Defendant Donoghue's response that he was unaware of Plaintiff's breathing complaint or that he was unaware of documents responsive to this request. Second, even if Exhibit C did conflict with Defendant Donoghue's response, Plaintiff already has Exhibit C, such that compelling Defendant Donoghue to produce Exhibit C is unnecessary. And, as Defendants note, Plaintiff is free to use admissible contradictory statements by Defendant for impeachment at trial. Consequently, Plaintiff's motion to compel Defendant Donoghue to produce further responses to Request for Production No. 2 is **DENIED**.

II. Motion to Compel Defendants Donoghue and Davis' Further Responses to Interrogatory Set 2

Plaintiff moves to compel further responses to the following discovery requests from Defendant Davis: Interrogatory Set 2, Nos. 2, 3 and 7. (ECF No. 121 at 2 (specifying interrogatories remaining at issue)). Plaintiff moves to compel further responses to the following discovery requests from Defendant Donoghue: Interrogatory Set 2, Nos. 2, 3, 4 and 6. (*Id*. at 3).

Plaintiff first moved to compel supplementation of Interrogatory Set 2 by Defendants in his last (October 19, 2016) motion. Plaintiff did

not move to supplement, nor attach, Defendants' responses to Interrogatory Set 2 in his initial, mooted motions.

In this motion, Plaintiff does not attach the interrogatories nor the Defendants' responses. Although Plaintiff attaches his meet and confer letter to Defendants, the letter only includes the requests and Plaintiff's argument in support of supplementation; Plaintiff's letter does not include the text of Defendants' response. (ECF No. 121 at 13-21). Plaintiff also attaches Defendants' responsive meet and confer letter, but Defendants' letter merely responds to Plaintiff's letter without setting forth the text of the requests or responses.

As a result of Plaintiff's failure to provide the Court with a copy of the responses in dispute, the Court lacks sufficient information to compel further responses. Plaintiff's motion to compel Defendants to produce further responses to Interrogatory Set 2 is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 14, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge