**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS JOHN HEILMAN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>J. COOK, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 14cv1412-JLS-MDD<br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL IDENTITY OF STAFF ON SUBPOENAED DOCUMENTS**<br><br>**[ECF No. 110]** |

On September 16, 2016, Plaintiff filed a motion to "compel the 'CDCR's' Warden representative at RJ Donovan prison D. Paramo, and represented by Lisa L. Freund, Dep. Atty. Gen to positively identify the illegible identities and signatures of the Nursing Supervisors" assigned to the Correctional Treatment Center (C.T.C.) at R. J. Donovan Correctional Facility on May 9, 2013 and May 10, 2013.  (ECF No. 110). In his motion, Plaintiff explains that he received a C.T.C. medical staff on-duty log book for the relevant dates, but that many of the signatures are illegible and some signatures that should be listed are missing.  (*Id.* at 3).  Plaintiff argues that the identities of the nursing supervisors who

1  were on duty during the alleged deliberate indifference are material,
2  because the supervisors are witnesses to whether the nurses reported
3  Plaintiff's medical complaints and his claim that his injuries were
4  caused by correctional staff.  (*Id*.).  Plaintiff acknowledges in his motion
5  that the parties he is seeking to compel to act—the CDCR (California
6  Department of Corrections and Rehabilitation) and Warden Paramo—
7  are not parties to this action.  But Plaintiff argues—without providing
8  citation to an order on the record—that this Court previously issued an
9  order providing similar relief requiring identification by "Defendants
10 and/or Non-party D. Paramo" of Defendant Nainggolan from a log book
11 in *Heilman v. Silva*, Case No. 13cv2984-JLS-MDD.  (*Id*. at 4).

12       On October 12, 2016, Defendants filed an opposition.  (ECF No.
13 116).  Defendants explain that Plaintiff's motion fails to mention that
14 he already sought this same information in his September 2, 2016,
15 motion to compel (ECF No. 101).  In ruling on Plaintiff's prior motion,
16 this Court ordered Warden Paramo to produce any "existing document
17 that legibly identifies the complete names and positions of the on-duty
18 Nursing Supervisors at the C.T.C. on May 9, 2013, to May 13, 2013, if
19 any such document already exists." (*Id*. citing ECF No. 104 (Order)).
20 Defendants explain that they complied with that Order and produced
21 all responsive extant documents.  (*Id*.).  In her meet and confer letter
22 with Plaintiff, Defendants' counsel contends that Rule 45 only
23 commands production of existing documents; Rule 45 does not require
24 the responding party to create a document (*e.g.*, listing Nursing
25

Supervisors' names) that does not already exist. (ECF No. 110 at 11). Defendants urge that this repetitive motion be denied as moot.

As this Court previously explained in the September 7, 2016, Order, Rule 45 requires a nonparty responding to a valid subpoena to produce documents "as they are kept in the ordinary course of business;" it does not require them to create new documents or lists. FED. R. CIV. P. 45. Warden Paramo and the CDCR are not parties to this action, and have explained that the information Plaintiff seeks to compel is not in any existing documents. The Court cannot compel these nonparties to produce documents that do not exist nor to create a new document containing the information Plaintiff seeks.

Plaintiff's argument that this Court ordered Warden Paramo to provide the same relief in the other action (*Heilman v. Silva*, Case No. 13cv2984) is unavailing. The Court reviewed that docket and found no such order. Even if the Court had so ordered, the result in that case would not dictate the same result here. Warden Paramo is a named defendant in that case but is a nonparty here. The bounds of Rule 45 limit this Court's power to compel information from Warden Paramo in this case due to his status as a nonparty.

Plaintiff's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 15, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge