UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS JOHN HEILMAN, CDCR #H-76785, Plaintiff, v. J. COOK, et al., Defendants. | Case No.: 14-CV-1412 JLS (MDD) **ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER** (ECF No. 144) |
|---|---|

Presently before the Court is Plaintiff Thomas John Heilman's Third Request to Sever this Action from the January 18, 2017 Settlement Conference. (ECF No. 144.) After review, the Court construes Plaintiff's request as an objection to Magistrate Judge Andrew G. Schopler's Order Denying Plaintiff's Motion to Sever. (ECF No. 138.)

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters within fourteen days. In reviewing a magistrate judge's order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). Under the "clearly erroneous standard," a court should overturn a magistrate judge's ruling when it is "left with the definite and firm conviction that a mistake has been committed." *See*

*Concrete Pipe & Prods. of Cal., Inc. v. Constrs. Laborers Pension Trust*, 508 U.S. 602, 622 (1993). A magistrate judge's legal conclusions as to non-dispositive matters are reviewable for clear error. *Grimes v. City of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991) (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747–48 (9th Cir. 1990)).

On November 22, 2016, Judge Schopler entered an order setting a global settlement conference for both of Plaintiff's cases for January 18, 2017.[1] (ECF No. 129.) On December 19, 2016, Plaintiff filed a Motion to Sever Cases from Joint Settlement Conference. (ECF No. 136.) Judge Schopler denied Plaintiff's motion on December 29, 2016. (ECF No. 138.) In his present request, Plaintiff's primary objections to a global settlement conference are that (1) he will not settle his case "for peanuts," (Mot. 4, ECF No. 144), and (2) he deserves to be treated with respect, (*id.* at 5). However, as Judge Schopler has already stated, and this Court agrees, Plaintiff "will never be required to settle any case," for "peanuts" or otherwise. (ECF No. 138.) Additionally, the Court does not conclude that holding a joint settlement conference for both of Plaintiff's cases disrespects Plaintiff. To the contrary, Judge Schopler concluded that "some good may come of having all parties present to discuss issues concerning both outstanding cases." (*Id.*) The Court agrees. Thus, the Court finds no clear error in Judge Schopler's decision to hold a global settlement conference for both of Plaintiff's cases. Accordingly, the Court **OVERRULES** Plaintiff's objections to Judge Schopler's Order (ECF No. 138) and **DENIES** Plaintiff's request to sever his cases from the global settlement conference (ECF No. 144).

**IT IS SO ORDERED.**

Dated: January 12, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[1] Plaintiff's cases are (1) *Heilman v. Cook, et. al*, 14-cv-1412-JLS (AGS), and (2) *Heilman v. Silva, et. al*, 13-cv-2984-JLS (AGS)