UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas John Heilman,<br><br>                                    Plaintiff,<br><br>v.<br><br>J. Cook, et al.,<br><br>                                    Defendants. | Case No.:  14-cv-01412-JLS-AGS<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUPPLEMENTAL DISCOVERY RESPONSES [Doc. 142]** |

For the reasons below, plaintiff's motion to compel defendant to provide supplemental responses to requests for production of documents (RFPs), interrogatories, and requests for admission (RFAs) is granted in part and denied in part.

## **LEGAL STANDARDS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . ." Fed. R. Civ. P. 26(b)(1).  "If the party requesting discovery is dissatisfied with any of the responses, the party may move to compel further responses by informing the court 'which discovery requests are the subject of [the] motion to compel, and, for each disputed response, inform the [c]ourt why the information sought is relevant and why [the opposing party's] objections are not justified.'" *United States v. Baisden*, 881 F.Supp.2d 1203, 1205 (E.D. Cal. 2012) (citation omitted). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy

requirements of Rule 26(b)(1)." *O'Donnell v. TD Ameritrade, Inc.*, 250 F.R.D. 502, 503 (S.D. Cal. 2008) (citation omitted).

Once this burden is met, "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Inst'l Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citation omitted).

## DISCUSSION

**A.** *Motion to Compel Supplemental Responses to Requests for Production*

Under Federal Rule of Civil Procedure 37(a), plaintiff Thomas Heilman moves to compel supplemental responses to RFPs 1, 4, 6, and 8.

*1. RFP 1*

In RFP 1, Heilman requested "a copy of your curriculum vitae." [Doc. 142, at 3; Doc. 146, at 3.] Although defendant J. Cook produced her CV, Heilman complains that the document lacks items such as "medical courses completed, <u>and</u> also medical training required and completed under 'CDCR' [California Department of Corrections and Rehabilitation] regulations for the position of doctor/physician/registered nurse. . ." [Doc. 142, at 3-4.] But, as defendant points out, RFP 1 does not demand such highly specific information; it merely requests a "curriculum vitae." Defendant produced a standard CV—including her education, internal medicine internship, family practice residency, medical work history, research, and publications [Doc. 142, at 17-19]—so it seems there is nothing left to compel.

Yet Heilman suggests that these specific items must be included in a medical CV, relying on *Kilgore v. Mandeville*, No. 2:07-CV-2485-GEB-KJN P, 2010 WL 2557702 (E.D. Cal. June 21, 2010). But that is not *Kilgore*'s holding. In *Kilgore*, the plaintiff specifically requested a CV listing "any subsequent training," and the court ordered one produced that included "medical education, training and employment." *Id.* at 7. *Kilgore* never suggests that a CV's "medical education" section must include every single medical course completed, nor that the "training" section must specifically include training under

2

CDCR regulations (rather than, say, a generalized listing of medical internships, residencies, and fellowships).

Because *Kilgore* cannot convert plaintiff's generic request for a CV into a specific request for these new items, his motion to compel as to RFP 1 is **DENIED**.

*2.    RFPs 4 and 6*

Heilman also seeks copies of the specific CDCR medical policies covering evaluation of emergent medical conditions (RFP 4) and the Mental Health Crisis Bed unit's logbook for May 9, 2013 (RFP 6). Defendant responds that her diligent search failed to locate any such documents and that she cannot produce what does not exist. For support, defendant points to counsel's declaration, which states that counsel "sent Plaintiff Thomas John Heilman a letter" responding to the RFPs and that a "copy of the letter is attached." [Doc. 146-1, at 2.] But nothing is attached.

Perhaps this omission was merely an oversight. But based on the record before the Court, defendant has merely raised a potentially valid objection that is not supported by any competent evidence. Thus, Heilman's motion to compel as to RFPs 4 and 6 is **GRANTED**. If these items are in Cook's possession, custody, or control, she must produce them. Also, if they are in the possession, custody, or control of the California Attorney General's Office, which represents Cook, that Office must produce them. *See Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011) ("Documents in the possession of a party's attorney [including the Attorney General's Office] . . . may be considered to be within the control of the party for purposes of a Rule 34 production request.") (citations omitted).

*3.    RFP 8*

Finally, as to RFP 8, Heilman requested "all records or medical documents" Cook reviewed, which led her to the diagnosis that his "collapsed left lung (pneumothorax) occurred 'spontaneously.'" [Doc. 146, at 9-10.] Cook responded that she "reviewed medical records from Alvarado Hospital and CDCR in noting a spontaneous pneumothorax, which have already been produced. . ." [*Id*. at 5] This is an unfortunately-

3

worded response.  A reader might assume it was the medical records that were "noting" the spontaneous pneumothorax, rather than Cook who first noted that diagnosis after reviewing the records.  In fact, Cook believes Heilman's motion to compel is based on exactly that misinterpretation, and she clarifies that "she reviewed medical records, which were already in Plaintiff's possession, that lead Defendant to note that Plaintiff had a spontaneous pneumothorax."  [Doc. 146, at 6.]

Cook's interpretation of the motivation for Heilman's motion may be right, but Heilman's exact wording suggests he has received no medical records whatsoever that pre-date Cook's diagnosis.  He writes, "There are No medical records from Alvarado Hospital prior to Defendant Cook's inclusion of this 'spontaneously-occurring event' theory [on a June 11, 2013 physician request form]."  [Doc. 142, at 12.]  Since it is the defendant's burden to support her objections with competent evidence, and there is no declaration before the court of what the defense produced, the Court **GRANTS** Heilman's motion to compel as to RFP 8.  If these records are in the possession, custody, or control of Cook or the California Attorney General's Office, they must be produced.  If Cook has indeed produced these medical records already, she must simply produce them again.

B.     *Motion to Compel Supplemental Responses to Interrogatories and RFAs*

Heilman moves to compel responses to 11 interrogatory answers that he deems "false, inaccurate and evasive," as well as 14 RFA answers that he claims amount to refusals to respond.  [*See* Doc. 142, at 14.]  This entire motion boils down to one dispute: Heilman believes that Cook medically examined him immediately after the May 9, 2013 incident, and Cook responds that she did not.  For example, in Interrogatory Request number 2, Heilman asks her to state "the exact extent of your physical examination of Heilman's injuries . . . on May 9, 2013," and Cook responds that she "did not examine Plaintiff on May 9, 2013."  [Doc. 142, at 39-40.]  This response is not legally deficient, even if Heilman has contrary information from other witnesses or defendants.  This Court cannot order Cook to provide answers or admissions on a medical examination she swears she never conducted.  If her responses turn out to be false, as Heilman claims, then he can

4

use them to impeach her at trial.  At this stage, however, Heilman's motion to compel supplemental responses to interrogatories and RFAs is **DENIED**.

Dated:  February 6, 2017

_____
Hon. Andrew G. Schopler
United States Magistrate Judge