1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,
CDCR #H-76785,

Plaintiff,

v.

J. COOK, et al.,

Defendants.

Case No.: 14-CV-1412 JLS (MDD)

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS; AND (2) ADOPTING REPORT AND RECOMMENDATION**

(ECF Nos. 95, 123, 130)

Presently before the Court are: (1) Magistrate Judge Mitchell D. Dembin's Report and Recommendation ("R&R") advising that the Court deny Plaintiff's motion to rejoin party ("R&R," ECF No. 123); and (2) Plaintiff Thomas John Heilman's Objections to the R&R ("R&R Obj.", ECF No. 130). Having considered the facts and the law, the Court (1) **OVERRULES** Plaintiff's Objections, (2) **ADOPTS** the R&R in its entirety, and (3) **DENIES** Plaintiff's motion to rejoin party (ECF No. 95).

## BACKGROUND

Judge Dembin's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying Plaintiff's motion to rejoin party. (*See* R&R 2–4,[1] ECF No. 123.) This Order incorporates by reference the background as set forth therein.

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

# LEGAL STANDARDS

## I.      Review of Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## II.     Amending Complaint to Rejoin Party

Judge Dembin correctly set out the legal standards involved in Plaintiff's motion, which the Court here largely repeats. (*See* R&R 4–6, ECF No. 123.)

Plaintiff's motion to amend his First Amended Complaint ("FAC") to rejoin Dr. Chau as a party is governed by Federal Rules of Civil Procedure 15, 16(b)(4), and 21.

Once the deadline for joining parties and amending pleadings set in the Rule 16(b) Scheduling Order has passed, no addition of parties or amendment of pleadings is permitted unless the movant shows good cause for modifying the Scheduling Order. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding that district court did not abuse discretion in denying leave to amend where plaintiff failed to show good cause for amending the scheduling order).

Rule 15(a)(2) states "[t]he court should freely give leave [to amend] when justice so requires." This Rule should be applied with "extreme liberality." *Sonoma Cty. Ass'n of Retired Emp. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Nevertheless, courts may decline to grant leave to amend if there is "strong evidence" of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

2

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Id*. (quotation omitted). "[T]he consideration of prejudice to the opposing party carries the greatest weight." (*Id.*) Amendments seeking to add *parties* are granted less freely than amendments seeking to add *claims*. *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991); *see Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1069 (6th Cir. 1995) (denying amendment to add party over one year after complaint filed denied as too prejudicial to new party).

Rule 21 concerning "Misjoinder and Nonjoinder of Parties," states that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Here, Plaintiff's request is more appropriately considered under Rules 15 and 16 than Rule 21. Nevertheless, the same test applies to Plaintiff's request under either Rule. "The liberal standard of Rule 15 also applies to Rule 21 motions." *De Malherbe v. Int'l Union of Elevator Constructors*, 438 F. Supp. 1121, 1128 (N.D. Cal. 1977) (*citing Fair Housing Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)). The test of whether additions or subtractions of parties should be allowed under Rule 21, like the test under Rule 15, is whether such action will prejudice the non-moving party, and whether it will serve to avoid multiplicity of suits. *Helene Curtis Indus. v. Sales Affiliates*, 105 F. Supp. 886, 900 (S.D.N.Y. 1952), *affirmed* 199 F.2d 732 (2d Cir. 1952). "[P]rejudice to the non-moving party will defeat a Rule 21 motion." *Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 191 n.13 (9th Cir. 1989) (citing *Helene Curtis Indus.*, *supra*).

## ANALYSIS

### I.   Summary of the R&R Conclusion

Judge Dembin concluded that Plaintiff failed to meet his burdens under Rules 15, 16(b)(4), and 21 to show re-joinder of Dr. Chau should be granted. (R&R 6, ECF No. 123.)

As to Rule 16(b)(4), Judge Dembin concluded that Plaintiff did not claim or attempt to show diligence or a reasonable excuse for the delay. (*Id.* at 7.) Specifically, Judge

Dembin noted that Plaintiff did not move the Court to modify its Scheduling Order, made no effort to show good cause for modifying the Scheduling Order, and did not explain why he could not meet the scheduling deadline or how he was diligent in attempting to comply with the deadline set for joining parties. (*Id.* at 6.) Judge Dembin further noted that Plaintiff offered no explanation for why he dismissed Dr. Chau at the outset of discovery only to attempt to rejoin him just as the discovery phase was set to expire. (*Id.* at 6–7.) For example, Plaintiff pointed to no new information learned through discovery as the impetus to rejoin Dr. Chau, and Judge Dembin noted that Plaintiff's description of Dr. Chau's role in the initial complaint mirrored Plaintiff's allegations about Dr. Chau in his motion to rejoin. (*Id.* at 7 (*compare* ECF No. 95, at 4, *with* ECF No. 1, at 35–38 (both alleging that Dr. Chau falsified medical records to conceal fellow CDCR personnel's conduct and was deliberately indifferent to Plaintiff's injuries and the risks of infection))). Thus, Judge Dembin concluded that Plaintiff has not shown diligence in seeking to rejoin Dr. Chau under Rule 16 and recommends that Plaintiff's motion be denied on this basis.

Judge Dembin similarly concluded that Plaintiff's motion should be denied for unexplained delay and prejudice to the current Defendants under Rules 15 and 21. (*Id.* at 7.) Judge Dembin found that Plaintiff offered no explanation for why he dismissed Dr. Chau at the outset of discovery, and that he did not explain why he did not know or should not have known of the facts forming the basis for rejoining Dr. Chau sooner. (*Id.* at 7–8.) More importantly, Judge Dembin found that leave to amend should be denied because it would substantially prejudice the current Defendants and Dr. Chau. (*Id.* at 8.) Given that discovery had almost closed, Dr. Chau would have no meaningful chance to conduct discovery. (*Id.*) And the other Defendants would be prejudiced by having to wait for continued discovery and its ensuing delay on their resolution of the case. (*Id.*) Thus, Judge Dembin recommends that Plaintiff's motion be denied for the unexplained delay and prejudice to the current Defendants and Dr. Chau. (*Id.*)

/ / /

/ / /

14-CV-1412 JLS (MDD)

## II.      Summary of Petitioner's Objections

Plaintiff objects to a Judge Dembin's R&R on a few grounds. First, he argues that good cause exists to amend his complaint because he only realized his mistake in dropping Dr. Chau after he received answers from certain Defendants. (R&R Obj. 2–3, ECF No. 130.) Second, allowing Dr. Chau to serve as an expert against Plaintiff in this case instead of a Defendant would constitute perjury. (*Id.* at 3.) Third, Plaintiff objects to Judge Dembin's interpretation and application of several cases to his present case. (*Id.* at 3–5.) Fourth and finally, Plaintiff argues that the Court should have liberally construed his motion to rejoin Dr. Chau as also including a motion to modify the scheduling order. (*Id.* at 8.)

## III.     Court's Analysis

The Court will review, *de novo*, each part of the R&R to which Petitioner has objected.

### A. Objection One—Good Cause to Amend

Plaintiff argues that there is good cause to amend his FAC. Specifically, Plaintiff realized that he had misidentified Defendants Dr. Chau's and Dr. Cook's role in his case, since Dr. Cook only documented Plaintiff's injury *after* Dr. Chau had initiated the diagnosis. (*Id.* at 2.) Plaintiff claims that he only realized their proper roles after he received certain Defendants' answers to his Complaint. (*Id.* at 2–3.)

However, the Court agrees with Judge Dembin that Plaintiff had already set forth similar—and other—allegations against Dr. Chau in his FAC and in his original complaint. (*See, e.g.*, FAC 15–17, ECF No. 18; *see also* ECF No. 1, at 35–38 (collecting allegations against Dr. Chau in his original complaint).) So Plaintiff already suspected that Dr. Chau played a role in his case, despite Plaintiff's claim that it was only after receiving certain answers that he allegedly confirmed Dr. Chau's precise role in the matter. The Court agrees with Judge Dembin that these similarities weigh against a finding of diligence on Plaintiff's part, and thus the Court concludes that Plaintiff has not shown diligence or a reasonable excuse for the delay.

Additionally, despite Plaintiff's allegations against Dr. Chau in his original complaint and his FAC, on May 2, 2016 he voluntarily asked the Court to dismiss Dr. Chau from the case. (ECF No. 65.) He gave no reason why, a fact that he admits. (R&R Obj. 2, ECF No. 130 ("[Plaintiff] admittedly did not provide reasons for a ruling to dismiss Dr. Jo Chau as a party.").) The Court granted his request on May 18, 2016. (ECF No. 68.) In view of this, the Court agrees with Judge Dembin that rejoining Dr. Chau would result in substantial prejudice to all of the Defendants. As to Dr. Chau, discovery is over and any expedited discovery schedule as to him would prejudice his due process rights. Additionally, the remaining Defendants would be prejudiced by having to wait for the close of discovery against Dr. Chau, regardless of the duration of that process. Thus, the Court finds that rejoining Dr. Chau would unduly prejudice the current Defendants and Dr. Chau. Accordingly, the Court **OVERRULES** Plaintiff's first objection.

### B. Objection Two—Dr. Chau as an Expert Witness

Plaintiff also argues that Dr. Chau must be rejoined because to allow him to serve as Defendants' expert witness against him would amount to perjury. (R&R Obj. 3, ECF No. 130.) However, Plaintiff does not explain how this supports his argument that the Court should allow Plaintiff to amend his FAC to include Dr. Chau. And to the extent Plaintiff is concerned that Dr. Chau will commit perjury at trial, Plaintiff is free to object to his testimony or otherwise challenge his findings. Accordingly, the Court **OVERRULES** Plaintiff's second objection.

### C. Objection Three—Case Law Citations

Plaintiff argues that two cases cited by Judge Dembin in support of his R&R are inapplicable to Plaintiff's case. First, Plaintiff distinguishes *Kaplan v. Rose*, 49 F.3d 1363 (9th Cir. 1994), on the grounds that in *Kaplan* the plaintiff attempted to amend his complaint after discovery was completed and trial was only two months away. (R&R Obj. 4, ECF No. 130.) But Judge Dembin did not cite *Kaplan* to compare the stage in litigation. Rather, Judge Dembin cited *Kaplan* because the Ninth Circuit affirmed a denial of amendment where the movant knew or should have known when drafting the complaint

14-CV-1412 JLS (MDD)

about the facts on which he would base his amendment. (*See* R&R 8, ECF No. 123 (citing *Kaplan*, 49 F.3d at 1370).) While the facts of *Kaplan* in this regard are different, the Court finds that Judge Dembin did not commit error in relying on *Kaplan* for this proposition, and indeed properly extended it to Plaintiff's case based on the allegations against Dr. Chau in Plaintiff's original complaint and FAC.

Second, Plaintiff argues that Judge Dembin erroneously relied on *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), because, in that case, the Ninth Circuit found the district court abused its discretion when denying plaintiff leave to amend his complaint. (R&R Obj. 6–7, ECF No. 130.) However, Judge Dembin merely relied on this case for the legal proposition that "prejudice is the 'touchstone of the inquiry rule under rule 15(a),'" (R&R 8, ECF No. 123 (citing *Eminence Capital*, 316 F.3d at 1052)), not for support from the case's underlying facts.

In addition, while Plaintiff correctly notes that in *Eminence Capital* the Ninth Circuit stated that a denial of leave to amend without any explanation is subject to reversal, 316 F.3d at 1052, here Judge Dembin has given Plaintiff several reasons why he recommends denying Plaintiff leave to amend. (*See generally* R&R, ECF No. 123.) Indeed, while Plaintiff argues that Judge Dembin inappropriately found that Dr. Chau would suffer prejudice because he has had no meaningful opportunity to conduct discovery, when Plaintiff argues he previously propounded some discovery, (R&R Obj. 7–8, ECF No. 130), that does not mean that Judge Dembin's finding was erroneous. Specifically, Judge Dembin did not state that Dr. Chau had *no* opportunity for discovery; rather, he stated that whatever discovery Dr. Chau previously propounded was not "meaningful." (R&R 8, ECF No. 123.) In any case, the Court finds that rejoining Dr. Chau would substantially prejudice him and the remaining Defendants, as discussed above. (*See also id.* at 8–9.) Accordingly, the Court **OVERRULES** Plaintiff's third objection.

/ / /

/ / /

/ / /

14-CV-1412 JLS (MDD)

***D. Objection Four—The Court Should Have Liberally Construed Plaintiff's Motion***

Finally, Plaintiff objects to Judge Dembin's order because he argues Judge Dembin should have additionally construed his motion to rejoin party as a motion to modify the scheduling order. (R&R Obj. 8–9, ECF No. 130.) Plaintiff admits that he did not title his motion as one to modify the scheduling order, but he argues that Judge Dembin should have liberally construed his pleading given that Plaintiff is proceeding pro se. (*Id.*) Plaintiff is correct that the Court must liberally construe the filings and motions of a pro se inmate in a civil suit. *See, e.g.*, *Thomas v. Ponder*, 611 F.3d 1144, 150 (9th Cir. 2010). However, Plaintiff does not identify a statement in his motion to rejoin party that Judge Dembin should have also construed as a motion to modify the scheduling order. Nor can the Court discern any. Without more, the Court declines to find that Judge Dembin should have more liberally construed Plaintiff's motion to include additional relief. Accordingly, the Court **OVERRULES** Plaintiff's fourth objection.

## CONCLUSION

For the foregoing reasons, the Court (1) **OVERRULES** Plaintiff's Objections, (2) **ADOPTS** the R&R in its entirety, and (3) **DENIES** Plaintiff's motion to rejoin party (ECF No. 95).

**IT IS SO ORDERED.**

Dated:  February 24, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge