UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, CDCR #H-76785,<br><br>Plaintiff,<br><br>v.<br><br>J. COOK, et al.,<br><br>Defendants. | Case No.: 14-CV-1412 JLS (AGS)<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION**<br><br>(ECF Nos. 192, 201) |

Presently before the Court is Plaintiff Thomas John Heilman's "Objections to the Court's Granting in Part and Denying in Part the Defendants' Motion for Summary Judgment re: Eighth Amendment Claim as to Defendant R. Davis," which the Court construes as a motion for reconsideration of the Court's prior order on the parties' cross-motions for summary judgment. ("Mot. for Reconsideration," ECF No. 192.) Also before the Court are Dr. Davis's Response in Opposition to, ("Opp'n," ECF No. 203), and Plaintiff's Reply in Support of, ("Reply," ECF No. 205), the Motion for Reconsideration.[1] Plaintiff also filed what is ostensibly another motion for reconsideration. ("Second Mot.

---

[1] Given that Plaintiff has filed a reply in support of his Motion for Reconsideration, the Court **DENIES** Plaintiff's alternative request to resubmit his motion to allow Defendants another opportunity to address certain of his claims. (Reply 4–5.)

1

for Reconsideration," ECF No. 201.) After considering the parties' arguments and the law, the Court **DENIES** both of Plaintiff's motions.

## BACKGROUND

The Court's previous Order granting in part and denying in part the parties' cross-motions for summary judgment ("MSJs") contains a thorough and accurate recitation of the basic facts of this case, which the Court incorporates by reference. (*See* Order on Motions for Summary Judgment ("MSJ Order"), ECF No. 184.) Relevant to the present motion for reconsideration, the Court granted Defendants' motion for summary judgment as to Plaintiff's Eighth Amendment claim against Dr. Robert Davis in finding that Dr. Davis did not act with deliberate indifference to Plaintiff's serious medical needs in the aftermath of Plaintiff's alleged beating in his cell. (MSJ Order 10–13.) The Court additionally found that Dr. Davis did not violate Plaintiff's due process rights under the Fourteenth Amendment. (*Id.* at 13–17.) Plaintiff challenges several aspects of the Court's MSJ Order with regard to Dr. Davis, which the Court addresses below.

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

Generally, reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041,

1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Plaintiff outlines six objections to the Court's Order granting Defendants' motion for summary judgment on Plaintiff's Eighth Amendment claim against Dr. Davis. (*See generally* Mot. for Reconsideration.) The Court considers each in turn.

First, Plaintiff argues that the Court erred by relying on Dr. Davis's evidence that he took Plaintiff's vital signs in the Crisis Treatment Center ("CTC") at Richard J. Donovan Correctional Facility ("RJD"). (*Id.* at 2.[2]) Specifically, Plaintiff argues that the "Court overlooked Heilman's assertion that <u>if</u> his vital signs were taken, then where are they recorded? If not recorded, why not?" (*Id.* (emphasis in original); *see also* Reply 7 (citing exhibit and noting that the "physical exam" box had no "vital signs" recorded).) The Court did not overlook Plaintiff's assertion. Rather, the Court found that his assertion, devoid of evidentiary support, was insufficient to rebut Defendants' evidence in the record at the summary judgment phase. In particular, Dr. Davis declared that "Plaintiff allowed [him] to take his vital signs, which were all normal. Specifically, there was no evidence of shortness of breath, difficulty breathing, inadequate air flow into or out of the lungs, or rapid respirations, which would support a determination of respiratory distress, though pain may have made breathing uncomfortable for Plaintiff." (MSJ Order 10 (citing Davis Decl. ¶ 6 (emphasis added)); *see also* ECF No. 163-1, ¶ 6 (noting same based on his physical exam of Plaintiff).) That Dr. Davis did not record these respiratory findings on the "physical exam" section, which includes boxes for items such as pulse and blood pressure, does not support Plaintiff's argument. Furthermore, as Dr. Davis argues, Plaintiff "fails to articulate

---

[2] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

how the answers to the questions he posed would make any difference in the Court's grant of the summary judgment motion." (Opp'n 3.) Accordingly, this argument fails.

Second, Plaintiff argues that the Court misconstrued the facts when noting that Dr. Davis ordered an x-ray of Plaintiff's chest area on May 9, 2013. (Mot. for Reconsideration 2.) According to Plaintiff, Dr. Davis only ordered a chest x-ray on May 10, 2013. (*Id.*) But Plaintiff fails to explain how this alleged misstatement of fact would have any bearing on the Court's ruling on Dr. Davis's motion for summary judgment. To be sure, Plaintiff states that "Defendant Davis was <u>aware</u> Heilman had a serious medical need—(a ruptured and collapsed lung!) yet, refused all medical care!" (*Id.* at 3 (emphasis in original); *see also* Reply 9–10.) But Plaintiff fails to provide any evidence to support this point (i.e., that Dr. Davis was aware of a serious medical need and was deliberately indifferent to that need by failing to order an x-ray on that day). Rather, as discussed, after his initial assessment of Plaintiff, Dr. Davis found "no evidence of shortness of breath, difficulty breathing, inadequate air flow into or out of the lungs, or rapid respirations, which would support a determination of respiratory distress, though pain may have made breathing uncomfortable for Plaintiff." (MSJ Order 10 (citing Davis Decl. ¶ 6).) And according to Plaintiff's own admissions, Dr. Davis did in fact order an x-ray to assess his medical condition shortly thereafter. (*See, e.g.*, Reply 9.) Accordingly, this argument fails.

Third, Plaintiff similarly argues that the Court misstated that Dr. Davis ordered another chest x-ray on May 13, 2013. (*Id.*) Plaintiff argues that Dr. Davis only ordered one x-ray, on May 10, 2013. (*Id.*) Again, Plaintiff fails to explain how this alleged misstatement impacts the Court's prior decision. Moreover, the Court did not even rely on this alleged May 13, 2013 x-ray in finding that Dr. Davis did not violate Plaintiff's Eighth Amendment rights. (*See* MSJ Order 10–13.) Accordingly, this argument fails.

Fourth, Plaintiff again takes issue with the fact that Dr. Davis did not record the specifics of Plaintiff's vital signs. (Mot. for Reconsideration 3–4.) He again poses a question of why Dr. Davis would take his vital signs when Nurse Donoghue allegedly did not. (*Id.*) A question is not an argument, and Plaintiff again fails to explain how this should

4

14-CV-1412 JLS (AGS)

alter the Court's prior decision. And just because Plaintiff believes it would be more likely for Donoghue to take his vitals, it does not therefore follow that because he allegedly did not, Dr. Davis could not have as well. Plaintiff also states that the Court's reliance on this apparent discrepancy is "inconsistent with established medical protocol and procedure." (*Id.* at 4.) But Plaintiff provides no citation to support his opinion, nor any argument for why the Court should even consider this alleged new evidence at this stage. Finally, Plaintiff again argues that Dr. Davis failed to document these "vital signs" in the "physical exam box" of his cited exhibit, (Reply 12), which the Court has rejected above. Accordingly, this argument fails.

Fifth, Plaintiff argues that "there has been presented a genuine dispute . . . as to whether [he] was in respiratory distress and had difficulty breathing and related these facts to Defendant Davis." (Mot. for Reconsideration 4.) Specifically, Plaintiff argues that he complained of difficulty breathing on his left side, which Dr. Davis noted in his medical evaluation. (Reply 13.) There is no discrepancy here—Dr. Davis admits that Plaintiff "told [him] that he had difficulty breathing on the left side that caused him to cough a lot." (*See, e.g.*, ECF No. 163-1, ¶ 5.) So Dr. Davis examined him, and concluded that "there was no evidence of shortness of breath, difficulty breathing, inadequate air flow into or out of the lungs, or rapid respirations, which would support a determination of respiratory distress, though pain may have made breathing uncomfortable for Plaintiff." (*Id.* ¶ 6; *see also* ECF No. 151-6, ¶ 6.) In other words, there is no genuine dispute of material fact that Dr. Davis was aware of a serious medical issue, or that he was deliberately indifferent to that serious medical need. Accordingly, this argument fails.

Sixth, Plaintiff argues that Dr. Cook's operative Answer "implicated [Dr. Davis] as the defendant who examined and medically cleared [Plaintiff] for 'suicide monitoring' in the RJD MHCB unit . . . ." (Reply 14 (emphasis removed); *see also* Mot. for Reconsideration 4–5.) But Plaintiff does not explain how this alleged implication should impact the Court's conclusion that Dr. Davis was neither aware of nor deliberately indifferent to a serious medical need. Of course, Plaintiff argues that Dr. Davis cleared him

5

14-CV-1412 JLS (AGS)

even though he was "aware of [his] serious medical needs, yet refus[ed] to provide medical care for those needs." (Reply 15.) However, the Court has already rejected this conclusory argument in its MSJ Order and in discussing Plaintiff's fifth objection, *supra*. Accordingly, this argument fails.

Finally, Plaintiff argues that the Court committed clear error by failing to refer his motion for summary judgment to the magistrate judge for report and recommendation. (Second Mot. for Reconsideration 2–3.) But Plaintiff fails to provide any authority for his position. Accordingly, this argument fails. Plaintiff also reattaches his first Motion for Reconsideration as an exhibit to support his contention that the Court failed to accept as true all of the factual allegations contained in Plaintiff's operative complaint. (*Id.* at 3–6.) This argument fails for two reasons. First, at the summary judgment stage, a party cannot merely rely on allegations made in a complaint. *See, e.g.*, Fed. R. Civ. P. 56(c)(1)(A); *Oroczo v. Baldwin*, 145 F.3d 1340 (9th Cir. 1998) ("To defeat a motion for summary judgment, the non-moving party must go beyond his complaint and designate specific facts, showing that there is a genuine issue for trial."). Second, to the extent his argument is premised on his original Motion for Reconsideration (which he referenced as an exhibit), the Court rejects those contentions for the reasons set forth above. Accordingly, the Court **DENIES** Plaintiff's Second Motion for Reconsideration (ECF No. 201).

## CONCLUSION

For the reasons stated above, the Court **DENIES** both of Plaintiff's Motions for Reconsideration (ECF Nos. 192, 201).

**IT IS SO ORDERED.**

Dated: August 31, 2017

Hon. Janis L. Sammartino
United States District Judge