UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, CDCR #H-76785,<br><br>                                   Plaintiff,<br><br>v.<br><br>A. SILVA, et al.,<br><br>                                 Defendants. | Case No.: 13-CV-2984 JLS (AGS)<br><br>**ORDER: (1) DENYING MOTION FOR RECONSIDERATION; (2) DENYING MOTION TO SEVER; AND (3) GRANTING PARTIES' MOTION TO VOLUNTARILY DISMISS**<br><br>(ECF Nos. 387, 391) |

Presently before the Court is Plaintiff Thomas John Heilman's Motion for Reconsideration. ("MTN," ECF No. 391.) Plaintiff requests the Court reconsider its rulings on three separate Motions: Motion to Stay the Proceedings or Vacate Settlement ("Motion to Vacate," ECF No. 382); Motion for Copies of Court Documents ("Motion for Documents," ECF No. 366); and David Zugman's Motion to Withdraw as Attorney, ("Motion to Withdraw," ECF No. 383). Also pending before the Court is Plaintiff's Motion to Sever (ECF No. 387). After considering Plaintiff's arguments and the law, the Court rules as follows.

///

///

1

## BACKGROUND

This motion comes before the Court with a long history, the facts of which have been recited in several recent Orders by this Court. (*See* ECF Nos. 373, 389.) Relevant to this Order are the procedural events following the settlement agreement agreed to by the parties on April 12, 2018. Shortly after agreeing to settle the case, Plaintiff requested this Court to vacate that settlement. (*See* ECF No. 362.) After reviewing Plaintiff's claims, the Court determined that Plaintiff entered into a valid settlement agreement to release his claims in four civil cases, and that no good cause existed to vacate the settlement agreement. (ECF No. 373.)

Plaintiff then filed a Motion to Reconsider, alleging he entered into the agreement under duress, and claiming ineffective counsel. (*See* ECF No. 382.) Before the Court ruled on that motion, however, Plaintiff filed a notice that he had signed the settlement agreement, but requested the Court hold the signed settlement agreement in abeyance until the Court ruled on the pending motion for reconsideration. (*See* ECF No. 385, at 3.) Plaintiff then filed a Motion to Sever his consolidated claims. (ECF No. 387.) Without ruling on the Motion to Sever, the Court denied Plaintiff's Motion to Reconsider, and accepted the signed settlement agreement. (*See* ECF No. 388.) Finally, Plaintiff filed the current Motion, asking the court to rule on his Motion to Sever, to reconsider its rulings on his Motion for Documents and the Motion to Withdraw, and to reconsider the Motion to Vacate a second time.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

///

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

**I.  Motion to Vacate Settlement**

Plaintiff asks the Court to reconsider three previous orders: Motion to Vacate, Motion for Copies, and Motion to Withdraw. The Court will first consider the Motion to Vacate.

Before ruling on the current motion, a brief summary of the Court's prior Order denying Plaintiff's Motion to Vacate Settlement is instructive. The Court first determined that Plaintiff and Defendants entered into a valid settlement agreement, which the parties entered into on the record before Magistrate Judge Erica Grosjean in the Eastern District of California. (ECF No. 388 at 3–5.) Next, the Court determined that Plaintiff's various allegations concerning his treatment before signing the settlement agreement were unsubstantiated and did not overcome his objective assent to the settlement. (*Id.* at 6–7.) The Court therefore denied Plaintiff's Motion to Vacate, and accepted the settlement agreement. (*Id.* at 7.)

Plaintiff raises no new allegations in the current motion. (*See generally* MTN.) Instead, Plaintiff simply asks the Court again to reconsider its ruling on the Motion Vacate.

(*Id.* at 2.) The arguments Plaintiff raised in his prior Motion have been considered, and rejected by this Court already. (*See* ECF 388.) Without being presented with any "newly discovered evidence," a showing where the Court "committed clear error," an "intervening change in the controlling law," or any other "highly unusual circumstances," this Court finds no reason to grant such an "extraordinary remedy." *See Kona Enters., Inc.*, 229 F. 3d at 890. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration regarding the Motion to Vacate.

## II. Motion for Documents and Motion to Withdraw

The Court now turns to the remaining motions Plaintiff has asked the Court to reconsider, the Motion for Documents and Motion to Withdraw. Plaintiff fails to raise any arguments as to why the previous rulings were incorrect, and presents the Court with no new facts in support of his request to reconsider either the Motion for Copies or the Motion to Withdraw. (*See generally* MTN.) Plaintiff instead seems to rely on the arguments and facts previously raised and already considered. As stated in the previous Orders, the record contains ample evidence to support the Court's decisions to deny the Motion for Copies and to grant the Motion to Withdraw. (*See* ECF Nos. 373 at 8; 389 at 3.)

Furthermore, denial of the Motion to Vacate and the acceptance of the settlement agreement effectively ends this litigation. The only thing remaining for this Court is to dismiss the cases in accordance with the agreement, making these motions now moot. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration regarding the Motion for Documents and the Motion to Withdraw.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration, (ECF No. 391). On the record, Defendants approved the settlement agreement, and agreed to the voluntary dismissal of Plaintiff's claims. Plaintiff has signed and filed the voluntary dismissal. (ECF No. 385.) The Court therefore **GRANTS** the voluntary dismissal of Plaintiff's claims, with prejudice, and **ORDERS** the clerk to close

the cases which are in front of this Court:[1] *Heilman v. Silva, et al.*, Case No. 13-CV-2984 JLS (AGS); and *Heilman v. J. Cook, et al.*, Case No. 3:14-CV-01412-JLS-(AGS). Because these cases are now dismissed, Plaintiff's Motion to Sever the *Cook* and *Silva* cases is **DENIED** as moot.

The parties will carry out the terms of the settlement agreement as memorialized in writing and orally agreed upon on the record. (ECF Nos. 364, 385.) This Court will retain jurisdiction to enforce the settlement should either party fail to comply with the terms of this settlement.

**IT IS SO ORDERED.**

Dated: September 25, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[1] Plaintiff also agreed to dismiss several cases not before this Court: *Heilman v. Sanchez, et al.*, Case No. 2:10-CV-1120 JAM (DB); *Heilman v. Dillen, et al.*, Case No. 2:14-CV-6298 JVS (FFM); and *Heilman v. Furster, et al.*, Case No. 2:15-CV-9987 JVS (FFM).